**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JASON RICHARD MORGAN**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 20-2881-KSM** |
| **JOHN WETZEL,** *et al.*, | |
| Defendants. | |

**MEMORANDUM**

**MARSTON, J.**                                                                                                          **DECEMBER 21, 2020**

Plaintiff Jason Richard Morgan, proceeding *pro se*, alleges that officials at State Correctional Institution ("SCI") Graterford lost or destroyed his personal property and violated his First, Fourth, and Fourteenth Amendment rights. He is currently incarcerated at SCI Phoenix and seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Morgan leave to proceed *in forma pauperis*, dismiss his complaint for failure to state a claim, and grant him leave to amend his First Amendment access to courts claim.

**I.      *Factual Allegations*[1]**

Morgan's complaint names the following Defendants, all of whom are sued in both their official and individual capacities: (1) John Wetzel, Secretary of Corrections, (2) Tammy Ferguson, Superintendent of SCI Phoenix, and (3) four John Doe Corrections Officers who were members of the Corrections Emergency Response Team ("CERT") responsible for moving

---

[1] The allegations are taken from Morgan's complaint and the exhibits attached to it. (Doc. No. 2.)

prisoners and their property from SCI Graterford to SCI Phoenix.  (Doc. No. 2 at pp. 2–3.[2])

On July 15, 2018, Morgan was transferred from SCI Graterford to SCI Phoenix.  (*Id.* at p. 5.)  During that transfer, he was forced to surrender his personal property to the CERT Defendants.  (*Id.*)  When he arrived at SCI Phoenix, some of his property was returned, but many items were missing, including clothing, shoes, family photos, and legal documents related to Morgan's criminal case.  (*Id.*)  Morgan filed a grievance with the prison, which was granted in part and denied in part, and received compensation of $32.59 for some of his lost clothing, shoes, and commissary items.  (*Id.* at p. 7.)  The rest of his grievance was denied.  (*Id.* at p. 13.)

Morgan appealed the grievance determination, arguing that his family photos were irreplaceable and that he needed the legal documents to pursue his petition for habeas corpus.  (*See generally id.* at pp. 14–21.)  He later asked the prison's Office of Chief Counsel to speak with the court on his behalf so that he could receive an extension of time to file his habeas corpus action.  (*See generally id.*)  The exhibits attached to the complaint show that Morgan experienced delays throughout the grievance process.[3]  (*Id.*)

Using the Court's form for prisoners to bring claims under 42 U.S.C. § 1983, Morgan alleges that the Defendants violated his First, Fourth, and Fourteenth Amendment rights.  As relief, he seeks recovery of his lost property, imposition of punitive damages, and the costs of this civil action.  (*Id.* at p. 5.)  He also requests appointment of counsel.  (*Id.*)

## II.     *Standard of Review*

Because Morgan is unable to pay the filing fee in this matter, the Court grants him leave

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Exhibits 10, 11, and 12 are illegible grievance forms.  As filed, they appear to be blank, but there are faint marks on the documents that suggest the originals contained writing.  (*See* Doc. No. 2 at pp. 22–24.)

to proceed *in forma pauperis*.[4]  *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

The Court also analyzes whether Morgan's complaint states "a claim on which relief may be granted."  *See id.* § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that — the action or appeal fails to state a claim on which relief may be granted.").  In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  Conclusory allegations do not suffice.  *Id.*  However, because Morgan is proceeding *pro se*, we liberally construe the allegations in the complaint.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

## III.   Discussion

Morgan brings his complaint under 42 U.S.C. § 1983.  (Doc. No. 2 at p. 3.)  That section provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

---

[4] Although we grant Morgan's request to proceed *in forma pauperis*, he is still required to pay the filing fee in full in installments.  *See* 28 U.S.C. § 1915(b)(1) (explaining that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee" when funds exist).

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence," but allegations of "participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Id.*  For the following reasons, Morgan has failed to state a plausible § 1983 claim.

### A. *Official Capacity Claims*

Morgan asserts official capacity claims against each Defendant, all of whom are identified as Department of Corrections employees.  The Department of Corrections, however, is an agency of the Commonwealth of Pennsylvania.  The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Quern v. Jordan*, 440 U.S. 332, 341–42 (1979) (confirming that § 1983 does not withdraw state immunity under the Eleventh Amendment). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.[5]  *A.W. v. Jersey*

---

[5] However, state officials sued in their individual capacities are "persons" within the meaning of § 1983.  *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).  Thus, the Eleventh Amendment does not bar suits for

4

*City Pub. Schs.*, 341 F.3d 234, 238 (2003) (explaining that Eleventh Amendment immunity "extends to state agencies as well as state officials sued in their official capacities for monetary damages"); *see also Hafer*, 502 U.S. at 25 ("Suits against state officials in their official capacity therefore should be treated as suits against the State."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) ("Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").  Accordingly, Morgan may not pursue his claims against these Defendants in their official capacities, and the official capacity claims are dismissed with prejudice.

### B. *Individual Capacity Claims Against Wetzel and Ferguson*

Morgan alleges that he "relayed [his] missing property verbally to the major of the guards, deputy and superintendent [Ferguson], wrote Secretary Wetzel, and the Office of Chief Counsel, who provided no relief."  (Doc. No. 2 at p. 8.)  In addition to this allegation, Exhibit 1 shows that Ferguson issued an Information Bulletin, which explained that "[a]s a result of the transition from SCI-Graterford, the timeline constraints regarding the . . . Inmate Grievance System are currently suspended."  (*Id.* at p. 12.)  Exhibit 3 also shows that Ferguson was the Facility Manager who reviewed Morgan's grievance appeal and chose to uphold the grievance officer's decision to grant the grievance in part and deny the grievance in part.  (*Id.* at p. 14.)

Other than alleging that Wetzel and Ferguson took part in the grievance process, Morgan's complaint does not include any allegations as to these two Defendants.  Importantly, Morgan does not include any suggestion that they were personally involved in or caused the loss of his personal property, or even that they were overseeing the CERT Defendants who did.  Because "[a] defendant in a civil rights action must have personal involvement in the alleged

---

monetary damages brought under § 1983 against state officials in their individual capacities.  *Id.*

wrongs" to be liable, *Rode,* 845 F.2d at 1207, Morgan has not stated a plausible claim against these two Defendants.

### C. Individual Capacity Claims Against CERT Defendants

#### 1. First Amendment Claim

Morgan alleges that the loss of his property, and specifically, his legal papers, caused him to miss the deadline for filing his habeas petition, and therefore, denied him access to the courts in violation of the First Amendment. (Doc. No. 2 at p. 5.) "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action); *see also Jackson*, 568 F. App'x at 87 (affirming dismissal of prisoner's claim that "the deprivation of his legal property . . . caused him to lose his appellate rights in the Supreme Court of the United States" because the docket in the relevant case showed that the petition for certiorari was filed prior to prisoner's loss of legal property). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action . . . is an element that must be described in the complaint." *Id.*

Except for the single reference to habeas proceedings noted above, Morgan's complaint does not describe the underlying cause of action that he allegedly lost or how the loss of his legal papers caused this deprivation. Therefore, he has failed to state a § 1983 claim based on denial

of access to the courts. However, because the Court cannot conclude at this time that Morgan can never state such a claim, this claim is dismissed without prejudice and Morgan is granted leave to file an amended complaint if he is able to cure the defect identified by the Court.[6]

### 2. *Fourth Amendment Claim*

Morgan also invokes the Fourth Amendment as a basis for his § 1983 claim. But to the extent that he is asserting that the loss or destruction of his property constitutes an unconstitutional seizure, his claim is not plausible. The protections of the Fourth Amendment regarding personal property do not apply in the prison context. *See Hudson v. Palmer*, 468 U.S. 517, 538 (1984) (O'Connor, concurring) ("The fact of arrest and incarceration abates all legitimate Fourth Amendment privacy and possessory interests in personal effects."); *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The *Hudson* court confirmed that a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration."). Accordingly, Morgan's Fourth Amendment claim must be dismissed with prejudice. *Cf. Hill v. Wetzel*, No. 20-cv-3631, 2020 WL 5407863 at *3 (E.D. Pa. Sept. 9, 2020) (concluding that the plaintiff failed to state Fourth Amendment claim where he alleged that defendants lost, destroyed, or defaced his personal property during transfer from SCI Graterford to SCI Phoenix); *Parrish v. Corrs. Emergency Response Team*, Civ. A. No. 18-4871, 2019 WL 1596337, at *3 (E.D. Pa. Apr. 12, 2019) (same).

---

[6] The Court notes that the right to access the courts may be satisfied if the plaintiff has an attorney. *Diaz*, 532 F. App'x at 63 (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)). Exhibit 5 to the complaint refers to counsel of record for Morgan. (*See* Doc. No. 2 at p. 16.) However, in an abundance of caution and in consideration of Morgan's *pro se* status, the Court will allow Morgan to amend so that he can clarify the basis for his denial of access claim. If Morgan chooses to file an amended complaint, he should clarify whether he was represented by counsel in the underlying habeas action.

### *3.    Fourteenth Amendment Claim*

Last, Morgan claims that the CERT Defendants violated his Fourteenth Amendment due process rights.  It is unclear whether Morgan is alleging that the CERT Defendants negligently or deliberately disposed of his personal property.  To the extent he alleges that their conduct was negligent, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Accordingly, Morgan cannot sustain a constitutional claim based on allegations that the CERT Defendants acted negligently in handling or losing his property.

To the extent Morgan alleges that the CERT Defendants intentionally deprived him of his property, there is no basis for a due process claim because the prison grievance system and Pennsylvania law provide him with adequate state remedies.[7]  *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy."); *cf. McCurdy v. Wetzel*, Civil Action No. 20-3458, 2020 WL 6118783, at *1 (E.D. Pa. Oct. 16, 2020) ("An incarcerated man claiming Pennsylvania prison officials lost and harmed his personal property when transferring him from one prison to another cannot proceed under a due process constitutional claim if he is afforded notice and an opportunity to be heard in the state grievance or litigation process challenging his lost or injured personal property.").  According to the complaint, Morgan availed himself of the available grievance system and was awarded some

---

[7] There is no independent basis for the Court's jurisdiction over a state law claim, as it does not appear that the parties are diverse for purposes of 28 U.S.C. § 1332.  If Morgan seeks to pursue a claim under state law, he may do so in state court.

compensation.  To the extent he is unsatisfied with that result or believes the grievance process was not fully available to him, he may seek further relief in state court.

Because Morgan has not stated a plausible due process claim, his Fourteenth Amendment claim is also dismissed with prejudice.

## *IV.    Conclusion*

For those reasons, the Court grants Morgan leave to proceed *in forma pauperis* and dismisses his complaint.  If Morgan can cure the defects identified by the Court in this Memorandum, he may file an amended complaint as to only his First Amendment claim for access to the courts.  Amendment of Morgan's other claims is futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Finally, because the court is dismissing the complaint in its entirety, Morgan's request for counsel is also denied without prejudice at this time.

An appropriate order follows.